IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NATHAN HERROD,<br><br>        Plaintiff,<br><br>   vs.<br><br>MAJORITY V.S. ONE STATE TO STATE AFFIRMATIVE ASYLUM BANISHMENT 5 ASPECTS OF ASYLUM U.S. CITIZEN SEPARATION OF ENFORCEMENT CALL BOX – STATE TO STATE AND LOCAL.REVIEW,<br><br>        Defendants. | CV 19-00127-BLG-SPW-TJC<br><br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On December 2, 2019, mail transmitted to Plaintiff Nathan Herrod was returned as undeliverable with an indication that Mr. Herrod was not at that address.  (Doc. 4.)  The Local Rules for the District of Montana provide:

(b)     Dismissal Due to Failure to Notify.  The court may dismiss a complaint without prejudice or strike an answer when:
(1)     a document directed to the attorney or self-represented party by the court has been returned to the court as not deliverable; and
(2)     the court fails to receive within 60 days of this return a written communication from the attorney or self-represented party indicating a current address for service.

L.R. 5.3(b).

It has been more than 60 days since the return of written communication from the Court addressed to Mr. Herrod's address of record and Mr. Herrod has

not filed a notice of change of address.

ACCORDINGLY, IT IS HEREBY RECOMMENDED that this action should be DISMISSED WITHOUT PREJUDICE for failure to comply with Local Rule 5.3.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Herrod may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) thereof.[1]  28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of April, 2020.

     */s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Herrod is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.